FILED
JUL 2 4 2007
U.S. COURT OF FEDERAL CLAIMS

ORIGINAL

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ELDAN PROPERTIES LLC, a Delaware limited liability company, as successor in interest for DANHILL PROPERTIES, an Arizona general partnership,,<br>Plaintiff,<br>vs.<br>GENERAL SERVICES ADMINISTRATION, an agency of the United States Government.,<br>Defendant. | No. 07-556 C |

## COMPLAINT

1. This is an action for declaratory judgment involving a contract initially entered by Danhill Properties, an Arizona general partnership, and defendant General Services Administration.

2. Plaintiff Eldan Properties LLC ("Eldan"), a Delaware limited liability company, is the assignee and successor in interest to the interest of Danhill Properties in the contract.

3. Defendant General Services Administration ("GSA") is an agency of the United States government.

4. Pursuant to U.S. Government Lease No. GS-09G-01579 dated December 1, 2004 (the "Lease"), Danhill, as lessor, and the GSA, as lessee, entered a contract for the leasing of 8,424 rental square feet of office and related space located at 2828 N. Central

Avenue, Suite 770, Phoenix, Arizona. A copy of the Lease (without attachments) is attached hereto as Exhibit A.

5. Pursuant to Paragraph 5 of the Lease, the lessor was to construct tenant alterations in accordance with GSA approved design drawings implementing Solicitation for Offers (SFO) No. 2AZ0032, and its attachments.

6. Paragraph 2 of the Lease set a presumptive term for the Lease beginning on May 1, 2005 through April 30, 2015. Paragraph 2 further required the parties to enter a Supplemental Lease Agreement (SLA) if the term was different from the presumptive term.

7. In identifying the Lease term, Paragraph 2 expressly imposed a precondition of GSA "acceptance of the space" after delivery by the lessor.

8. The GSA later determined that it would abandon its request for tenant alterations and accept the Lease space without the alterations. The GSA notified Eldan, as successor in interest to Danhill, by letter of its intent to abandon the alterations in May of 2006.

9. Because the GSA has failed to accept the space, the presumptive Lease term did not come into effect on May 1, 2005.

10. Despite due demand from Eldan, the GSA has failed and refused to execute the Supplemental Lease Agreement required under Paragraph 2 to establish dates for the Lease term different from the presumptive dates set forth in Paragraph 2.

11. The GSA has now notified Eldan that it is treating the Lease as having commenced on May 1, 2005 even though at that date the GSA was still planning construction and had not accepted the space in any way.

12. Eldan has notified the GSA that it is viewing the GSA as a holdover under the previous lease between the parties, U.S. Government Lease No. GS-09B-91370.

13. An actual controversy exists between the parties.

14. Eldan, whose rights, status, and legal relationship with the defendant GSA are at issue, has an interest in these proceedings.



Warner Angle Hallam Jackson & Formanek PLC

15. Declaratory relief will terminate the controversy or remove any uncertainty as the rights and obligations of the parties.

16. This Court has subject matter jurisdiction to hear this case pursuant to 28 U.S.C. § 1491 because it is a dispute arising out of a contract with the GSA, an agency of the United States Government.

17. Pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, Eldan is entitled to a declaratory judgment from this Court declaring that the term of U.S. Government Lease No. GS-09G-01579 has not yet commenced because the GSA has failed and still refuses to execute the Supplemental Lease Agreement required under the Lease. Accordingly, the GSA has possession of the premises of the Lease as a holdover tenant under the previous lease between the parties, U.S. Government Lease No. GS-09B-91370.

**DEMAND FOR RELIEF**

WHEREFORE, plaintiff Eldan Properties LLC respectfully requests the Court to enter judgment as follows:

A. Declaring that the term of U.S. Government Lease No. GS-09G-01579 has not yet commenced and that the GSA has possession of the premises of the Lease as a holdover tenant under the previous lease between the parties, U.S. Government Lease No. GS-09B-91370.

B. Awarding such other and further relief as the Court deems just and proper under the circumstances.

Dated this 12 day of July, 2007.

WARNER ANGLE HALLAM
JACKSON & FORMANEK PLC

By [signature]
Jack D. Klausner
3550 North Central Avenue, Suite 1500
Phoenix, Arizona 85012-2188
Ph: 602-264-7101
Fax: 602-234-0419



Warner Angle Hallam Jackson & Formanek PLC

# *EXHIBIT A*

STANDARD FORM 2
FEBRUARY 1965 EDITION
GENERAL SERVICES
ADMINISTRATION
FPR (41 CFR) 1-16.601

# U.S. GOVERNMENT LEASE FOR REAL PROPERTY

DATE OF LEASE DEC -1 2004 LEASE NO. GS-09B-01579

THIS LEASE, made and entered into this date by and between **DANHILL PROPERTIES**

whose address is **2828 North Central Avenue, Suite 770**
**Phoenix, Arizona 85004**

and whose interest in the property hereinafter described is that of Agent for the Property Owner

hereinafter called the Lessor, and the UNITED STATES OF AMERICA, hereinafter called the Government:

WITNESSETH: The parties hereto for the consideration hereinafter mentioned, covenant and agree as follows:

"1. The Lessor hereby leases to the Government the following described premises:

A total of 7,455 ANSI/BOMA office usable square feet (8,424 office rentable square feet) of office and related space and three (3) on-site parking spaces at One Thomas, 2828 North Central Avenue, Phoenix, Arizona 85004 to be used for such purposes as determined by the General Services Administration."

"2. TO HAVE AND TO HOLD the said premises with their appurtenances for the term beginning on May 1, 2005 through April 30, 2015, subject to termination and renewal rights as may be hereinafter set forth. If different from the above, the actual dates will be established by a Supplemental Lease Agreement (SLA) after delivery and Government acceptance of the space."

"3. The Government shall pay the Lessor annual rent for the entire term, monthly, in arrears as follows:

| TERM | ANNUAL RENT | RATE PUSF | RATE PRSF | MONTHLY RENT |
|---|---|---|---|---|
| May 1, 2005 through April 30, 2010 | $ 209,284.56 | $ 28.08 | $ 24.84 | $ 17,440.38 |
| May 1, 2010 through April 30, 2015 | $ 160,058.85 | $ 21.47 | $ 19.00 | $ 13,338.24 |

Rent for a lesser period shall be prorated. Rent checks shall be made payable to:

Danhill Properties
2828 North Central Avenue, Suite 770
Phoenix, Arizona 85004

The premises described in Paragraph 1 of this Standard Form 2 will be measured upon delivery of the Government leased space. The stated rental rates shall be adjusted accordingly."

"4. The Government may terminate this lease, in whole or in part, at any time on or after May 1, 2010 by giving at least sixty (60) days notice in writing to the Lessor and no rental shall accrue after the effective date of termination. Said notice shall be computed commencing with the day after the date of mailing."

"5. The Lessor shall furnish to the Government, as part of the rental consideration, the following:

a.) Those facilities, services, supplies, utilities and maintenance in accordance with Solicitation for Offers (SFO) No. 2AZ0032, and its attachments.

b.) Buildout in accordance with Solicitation for Offers (SFO) No. 2AZ0032, and its attachments. All tenant alterations to be completed within 186 days from Lessor's receipt of Government approved design drawings.

c.) Deviations to the approved space layouts furnished by the GSA to the Lessor subsequent to award will not be permitted unless prior written authorization is obtained from the GSA Contracting Officer.

d.) Lessor shall provide three (3) on-site parking spaces at no additional cost to the Government, in accordance with Solicitation for Offers (SFO) No. 2AZ0032. An additional twenty-five (25) reserved parking spaces shall be made available for Government employees within one (1) block of the leased space. These additional parking spaces will be made available at $55.00 per space per month and shall be paid for directly by the Government employees."

"6. The following are attached and made a part hereof:

a) Solicitation for Offers (SFO) No. 2AZ0032.
b) Solicitation for Offers (SFO) No. 2AZ0032 Amendment #1 date 4/2/2004.
c) Solicitation for Offers (SFO) No. 2AZ0032 Attachment #2, entitled Performance Specifications
d) Solicitation for Offers (SFO) No. 2AZ0032 Attachment #3, entitled Construction Schedule Task Durations
e) Solicitation for Offers (SFO) No. 2AZ0032 Attachment #4, entitled Special Requirements
f) Solicitation for Offers (SFO) No. 2AZ0032 Attachment #8, entitled Certificate of Seismic Compliance
g) Solicitation for Offers (SFO) No. 2AZ0032 Attachment #9, entitled SMED Nexus Flooring System.
h) GSA Form 3517B, entitled General Clauses (Rev. 9/01).
i) GSA Form 3518, entitled Representations and Certifications (Rev. 9/01).

"7. The following changes were made in this lease prior to its execution:

a.) Sheet No. 1 has been added, containing Paragraph Nos 8 through 14."

(CONTINUED ON ATTACHMENT SHEET NUMBER 1)

IN WITNESS WHEREOF, the parties hereto have hereunto subscribed their names as of the date first above written.

LESSOR **DANHILL PROPERTIES**

BY [signature] (Signature) ____________ (Signature)

IN PRESENCE OF:

[signature] (Signature) P.O. BOX 6128, MALIBU, CA 90264 (Address)

UNITED STATES OF AMERICA **GENERAL SERVICES ADMINISTRATION**

BY [signature] (Signature) Susan Dinquel, Contracting Officer (Official title)

SHEET NO. 1 IS ATTACHED HERETO AND MADE PART OF LEASE NO. GS-09B-01579

"8. Pursuant to Paragraph 3.4 of the Solicitation for offers No. 2AZ0032 "Percent of Occupancy", the percentage of Government occupancy is established as 8.55% (8,424/98,480). Percentage of occupancy is subject to revision based on actual measurement of Government occupied space at time of final inspection, not to exceed the maximum BOMA office usable square feet stated in the SFO, and in accordance with GSAF 3517, GENERAL CLAUSES."

"9. Pursuant to Paragraph 3.6 of the Solicitation for offers No. 2AZ0032 "Operating Costs Base", the base for the operating costs adjustment is established as $5.26 per ANSI/BOMA office usable square foot ($4.65 per office rentable square foot) of space per annum."

"10. Pursuant to Paragraph 3.12 of the Solicitation for offers No. 2AZ0032 "Adjustment for Vacant Premises", in the event of partial or total vacancy, the rent will be reduced by $1.02 per ANSI/BOMA office usable square foot ($0.90 per office rentable square foot) per annum."

"11. Pursuant to Paragraph 3.9 of the Solicitation for offers No. 2AZ0032 "Common Area Factor", the common area factor (CAF) is established as 1.13."

"12. Pursuant to Paragraph 7.3 of the Solicitation for offers No. 2AZ0032 "Overtime Usage", there will be no charge to the Government for overtime usage of heating or cooling utilities (HVAC)."

"13. Pursuant to Paragraph 1.7 and 1.11 of the Solicitation for offers No. 2AZ0032 "How to Offer" and "Tenant Improvement rental Adjustment", the Lessor agrees to provide the Government with all labor, materials, and equipment necessary to complete the tenant improvements as outlined in Solicitation for offers No. 2AZ0032 at a total cost of $223,650 ($30.00 per ANSI/BOMA office usable square foot). The Tenant Improvement Costs shall be amortized into the rent at a rate of 9.00% over the five-year firm term of the lease. The result is $7.47 per ANSI/BOMA office usable square foot ($6.61 per office rentable square foot) included in the per annum rent for years 1 through 5. The costs associated with all change orders must be negotiated and agreed to via Supplemental Lease Agreement prior to the initiation of any work associated with the requested change orders."

"14. Pursuant to Paragraph 1.13 of the Solicitation for offers No. 2AZ0032 "Broker Commissions", a cooperative, tenant broker fee of $41,856.91 is established as part of your Best and Final Offer dated June 7, 2004. Fifty percent (50%) of the fee is due and payable upon closing of the construction loan and fifty percent (50%) is due and payable upon occupancy. The fee(s) is paid to: Equis Corporation, Attn: Mr. Brian Adelstein, 161 North Clark Street, Suite 2400, Chicago, Illinois 60601."

LESSOR SIGNATURE GOVERNMENT SIGNATURE