**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ELDAN PROPERTIES LLC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 07-556C** |
| | ) | **(Judge C. Miller)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully moves to dismiss plaintiff, Eldan Properties LLC. ("Eldan Properties")[1] complaint for lack of jurisdiction. This Court does not have jurisdiction because Eldan Properties only requests declaratory relief. As the Supreme Court has stated, "we decline to assume that the Court of Claims has been given the authority to issue declaratory judgments." United States v. King, 395 U.S. 1, 5 (1969). Thus, because Eldan Properties requests nothing beyond declaratory relief, its complaint should be dismissed.

---

[1]According to the complaint, Eldan Properties is the assignee and successor in interest to the interest of Danhill Properties in the contract at issue.

## QUESTION PRESENTED

I. Whether the United States Court of Federal Claims has subject matter jurisdiction to entertain plaintiff's complaint seeking declaratory relief.

## STATEMENT OF THE CASE

On June 6, 1991, the General Services Administration ("GSA") and Danhill Properties entered into a lease agreement (Lease No. GS-09B-91370) for office space at 2828 N. Central Avenue, Suite 770, Phoenix, Arizona. The lease term commenced November 1, 1991 and expired April 30, 2005.

On July 20, 2004, before termination of the original lease, GSA issued a Solicitation for Offers ("SFO") for leasable space. The SFO addressed GSA's need for leasable space as well as certain required tenant improvements for the space. After evaluating all responses to the SFO, GSA signed a new lease agreement with Danhill Properties on December 1, 2004. The new lease term was for ten years, commencing May 1, 2005 and terminating April 30, 2015 (Lease No. GS-09B-01579). The new lease included tenant improvements in the amount of $223,650.00, which would be amortized into the lease payments over the first five years of the lease.

Subsequently, GSA and Danhill disputed increases in the tenant improvement costs, the acceptable format of the construction schedule proposed by Danhill, excess rent amounts paid by GSA, and whether the new lease commenced on May 1, 2005. This litigation followed.

In its complaint, Eldan Properties, the assignee and successor in interest to Danhill Properties, alleges that GSA must formally accept the space for the new lease term to commence on May 1, 2005, and because of GSA's failure to do so, GSA is a holdover tenant under the previous lease. Complaint at ¶¶ 9, 12. As relief, Eldan Properties seeks a declaration that "the

term of U.S. Government Lease No. GS-09G-01579 has not yet commenced and that the GSA has possession of the premises of the Lease as a holdover tenant under the previous lease between the parties, U.S. Government Lease No. GS-09B-91370."

## ARGUMENT

### I. This Court Lacks Subject Matter Jurisdiction To Entertain Eldan Property's Complaint Seeking Declaratory Relief

"Subject matter jurisdiction is a threshold matter which must be addressed before the Court reaches the merits of the plaintiff's claims." Deponte Invs., Inc. v. United States, 54 Fed. Cl. 112, 115 (2002) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998)). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case." Citizens for a Better Env't, 523 U.S. at 94 (quoting Ex Parte McCardle, 74 U.S. 506, 514 (1869)).

Pursuant to the Tucker Act, 28 U.S.C. § 1491, this Court has jurisdiction to adjudicate claims for monetary damages against the United States based on the U.S. Constitution, an Act of Congress, regulations of an executive department, express or implied contracts with the United States, or liquidated or unliquidated damages in non-tort cases. Tchakarski v. United States, 69 Fed Cl. 218, 220 (2005). The Court has limited jurisdiction to grant equitable relief. Id. (citing Banknote Corp. of America, Inc. v United States, 365 F.3d 1345, 1350 (Fed. Cir. 2004) (affirming that Court of Federal Claims can grant equitable relief in bid protests)).

The Court does not have jurisdiction, however, to issue declaratory judgments pursuant to the Declaratory Judgment Act. As the Court stated in Tchakarski, "[a]lthough that statute provides that 'any court of the United States' may render a declaratory judgment, the Act does

not give jurisdiction to the United States Court of Federal Claims to grant a declaratory judgment." 69 Fed. Cl. at 221 (citing National Air Traffic Controllers Ass'n v. United States, 160 F.3d 714, 717 (Fed. Cir. 1998) (finding that Congress did not intend for the Declaratory Judgment Act to extend the jurisdiction of the Court of Federal Claims)); see also King, 395 U.S. at 5 ("In the absence of an express grant of jurisdiction from Congress, we decline to assume that the Court of Claims has been given the authority to issue declaratory judgments.").

Here, the Court does not have jurisdiction because plaintiff only requests declaratory relief. As plaintiff's complaint states, "[t]his is an action for declaratory judgment involving a contract initially entered by Danhill Properties . . . and defendant [GSA]." Pl. Complaint, ¶ 1. Specifically, plaintiff requests that the Court "[d]eclar[e] that the term of U.S. Government Lease No. GS-09G-01579 has not yet commenced and that the GSA has possession of the Lease as a holdover tenant under the previous lease between the parties, U.S. Government Lease No. GS-09B-91370." Plaintiff does not request any monetary relief. Thus, because plaintiff only requests a declaratory judgment, this Court does not have jurisdiction and the complaint should be dismissed.

## CONCLUSION

For all of the reasons set forth above, defendant respectfully requests its motion to dismiss be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

s/Sean M. Dunn
SEAN DUNN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tele: (202) 616-0883
Fax: (202) 353-7988

Attorneys for Defendant

September 20, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2007, a copy of the foregoing "**DEFENDANT'S MOTION TO DISMISS**" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Sean M. Dunn
Sean M. Dunn