# In the United States Court of Federal Claims

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | * | |
| **ELDAN PROPERTIES LLC,** | * | |
| Plaintiff, | * | |
| v. | * | No. 07-556C |
| **THE UNITED STATES,** | * | (Filed Oct. 23, 2007) |
| Defendant. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

## MEMORANDUM OPINION AND ORDER

This case concerns a lease agreement that Eldan Properties LLC's ("plaintiff") predecessor in interest, Danhill Properties, entered into with the General Services Administration (the "GSA") for office space in Phoenix, Arizona. Following disputes between plaintiff and the GSA over costs associated with the lease, over excess rent amounts, and the commencement date for the new lease, litigation ensued. Plaintiff filed this complaint on July 24, 2007, seeking a declaratory judgment that the lease in question "has not yet commenced because the GSA has failed and still refuses to execute the Supplemental Lease Agreement required under the Lease." Compl. filed Jul. 24, 2007 ¶ 17. In its prayer for relief, plaintiff sought only declaratory judgment and did not seek monetary damages. On September 20, 2007, defendant moved to dismiss plaintiff's complaint pursuant to RCFC 12(b)(1) for lack of jurisdiction because the complaint sought solely declaratory relief. Plaintiff filed its reply on October 22, 2007, stating that, if the court agreed with defendant's assertions, plaintiff would request dismissal without prejudice. Pursuant to RCFC 7.2(a), the court rules without further briefing.

Pursuant to the Tucker Act, 28 U.S.C. § 1491, the United States Court of Federal Claims has jurisdiction to adjudicate claims for monetary damages against the United States "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2000). The court has only limited jurisdiction to grant equitable relief, primarily in the context of protests of the government procurement process. See Banknote Corp. of America,

Inc. v. United States, 365 F.3d 1345, 1350 (Fed. Cir. 2004). The court also can grant equitable relief ancillary to claims for monetary relief over which it has jurisdiction. 28 U.S.C. § 1491(a)(2).

The court, however, does not have jurisdiction to grant a declaratory judgment. National Air Traffic Controllers Ass'n v. United States, 160 F.3d 714, 716 (Fed. Cir. 1998). Absent a claim for monetary relief, the United States Court of Federal Claims lacks jurisdiction; it cannot adjudicate a complaint that seeks only declaratory relief. Id. at 716-17. See United States v. King, 395 U.S. 1, 5 (1969) ("In the absence of an express grant of jurisdiction from Congress, we decline to assume that the court of Claims has been given the authority to issue declaratory judgments."). The United States Court of Appeals for the Federal Circuit continues to hold that the Court of Federal Claims lacks jurisdiction to grant declaratory judgments. See Gonzales & Gonzales Bonds and Ins. Agency, Inc. v. Dept. of Homeland Sec., 490 F.3d 940, 944-46 (Fed. Cir. 2007). In its response to defendant's motion to dismiss, plaintiff recognizes that the Court of Federal Claims lacks jurisdiction to grant declaratory relief. The court appreciates the candor exhibited by counsel for plaintiff.

## CONCLUSION

Accordingly, based on the foregoing, the Clerk of the Court shall dismiss the complaint without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

No costs.

s/ Christine O.C. Miller

____________________________________

**Christine Odell Cook Miller**
Judge